# EXHIBIT A

COSTELLO & MAINS, LLC
By: Daniel T. Silverman, Esquire
Attorney I.D. No. 017582008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| JOSE CRUZ; CIERRA INGRAM; MICHAEL LAMBARDO; DELFON STEPHENS and BOBBIE WALLS, <br><br> Plaintiffs, <br><br> vs. <br><br> TRANE INC.; TRANE RESIDENTIAL SYSTEMS and JOHN DOES 1-5 AND 6-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> MERCER COUNTY - LAW DIVISION <br><br> CIVIL ACTION <br><br><br><br> DOCKET NO: <br><br><br><br> COMPLAINT AND JURY DEMAND |

Plaintiffs, Jose Cruz, Cierra Ingram, Michael Lambardo, Delfon Stephens and Bobbie Walls, by way of Complaint against the defendants, say:

### Preliminary Statement

This matter is brought under the New Jersey Law Against Discrimination ("LAD") alleging racial harassment. Plaintiffs Ingram, Stephens and Walls further bring a claim for reprisal under the LAD.

### Identification of Parties

1. Plaintiff Jose Cruz is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

2. Plaintiff Cierra Ingram is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

1

3. Plaintiff Michael Lambardo is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

4. Plaintiff Delfon Stephens is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

5. Plaintiff Bobbie Walls is, at all relevant times herein, a resident of the State of New Jersey and was an employee of the defendants.

6. Defendant Trane Inc. is, at all relevant times herein, an entity conducting business at 2231 East State Street, Trenton, New Jersey, and was the employer of the plaintiffs.

7. Defendant Trane Residential Systems is, at all relevant times herein, an entity conducting business at 2231 East State Street, Trenton, New Jersey, and was the employer of the plaintiffs.

8. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiffs for the acts set forth herein.

### General Allegations

9. At the time of the conduct alleged herein, defendants employed each of the plaintiffs as a group leader within various departments.

10. Plaintiff Jose Cruz is an African-American male.

11. Plaintiff Cierra Ingram is an African-American female.

12. Plaintiff Michael Lambardo is an African-American male.

13. Plaintiff Delfon Stephens is an African-American male.

14. Plaintiff Bobbie Walls is an African-American male.

15. All of the plaintiffs reported to Leo Nazco, a supervisor.

16. Mr. Nazco, as plaintiffs' supervisor, was a member of upper management as that term is defined under the LAD.

17. On April 17, 2018, the plaintiffs, Mr. Nazco, and two other individuals, Brandon (last name unknown) and Berjonano Lesperance, were all eating lunch together.

18. As they were eating lunch, Mr. Nazco's telephone rang and he answered the same.

19. Ms. Nazco then stated, "This is a prank phone call," and allowed Brandon to listen in on the call.

20. Both Mr. Nazco and Brandon were laughing as they listened to the call.

21. Mr. Nazco then placed the call on speakerphone.

22. At that time, all of the plaintiffs heard the call, which was a recording of an individual doing a Donald Duck-like voice and making racist comments.

23. The recording included comments such as, "Fuck you niggers," "Ima kill you niggers," and "I'll hang you niggers."

24. Mr. Nazco allowed the recording to play for approximately five minutes.

25. Plaintiff Walls approached Mr. Nazco and advised that he was not comfortable with the recording.

26. A few minutes later, Mr. Nazco received another call which he also put on speakerphone.

27. It was the same racist recording once again.

28. The playing of the racist recording by a supervisor was so disturbing, egregious and upsetting that it constitutes a single incident of severe harassment under the LAD.

29. The harassment occurred because of plaintiffs' race.

30. The harassment was such that a reasonable African-American person in the same or similar circumstances would have found the work environment to have become hostile, intimidating and/or abusive.

31. The work environment did so alter for the plaintiffs.

32. Each of the plaintiffs was forced to suffer emotional harm as a result of the harassment.

33. Because the actions of defendants were undertaken by a member of upper management and/or members of upper management were willfully indifferent to the same, and because those actions are especially egregious, punitive damages are warranted.

### Reprisal Allegations

34. Plaintiffs hereby repeat and reallege paragraphs 1 through 33, as though fully set forth herein.

35. Following the harassing incident of April 17, 2018 described above, the plaintiffs made complaint to defendant's human resources department./

36. Plaintiff's thereby engaged in protected conduct under the LAD.

37. Upon information and belief, defendants human resources representative, Laura Lipinski, conduct an investigation a prepared a typed, written summary of her interviews with each of the plaintiffs.

38. Despite requests by the plaintiffs, Ms. Lipinski refused to provide each of them with a copy of their respective statements.

39. On or about November 7, 2018, Ms. Nazco walked plaintiff Stephens off the job as a result of other employees refusing to clean their work areas.

4

40. In fact, defendant's human resources later confirmed that plaintiff Stephens had engaged in no wrongdoing.

41. Defendants did not permit plaintiff to return to work until November 14, 2018.

42. A determinative and/or motivating factor in plaintiff Stephens' suspension from work from November 7, 2018 until November 14, 2018 was plaintiff Stephens' LAD protected conduct.

43. On or about November 1, 2018, defendants issued plaintiff Ingram a false warning for disruptive behavior, improper use of a cellular telephone and wasting time.

44. This warning was false and was done with the purpose to punish the plaintiff for her LAD protected conduct and to discourage her from future LAD protected conduct.

45. In fact, demonstrating the falsity of the warnings, defendants offered to withdraw the warnings if plaintiff did not file a grievance over the cellphone write-up.

46. Since plaintiff's Walls' protected conduct, defendants have excluded him from decision making relating to his work area and, as a result, the work is disrupted and plaintiff Wall's job made more difficult.

47. As well, Mr. Nazco submitted plaintiff Walls to a random drug test, despite the fact that the same is typically reserved for employees who have been in an accident and plaintiff Walls was in no such accident.

48. These actions were taken towards plaintiff Walls with the purpose to punish the plaintiff for his LAD protected conduct and to discourage him from future LAD protected conduct.

49. Plaintiff Stephens, Ingram and Walls suffered emotional harm as a result of the unlawful reprisal.

50. Because the actions of defendants were undertaken by a member of upper management and/or members of upper management were willfully indifferent to the same, and because those actions are especially egregious, punitive damages are warranted.

## COUNT I

### Racial Harassment Under the LAD

51. Plaintiffs hereby repeat and reallege paragraphs 1 through 50, as though fully set forth herein.

52. For the reasons set forth above, the defendants are liable to plaintiffs for racial harassment in violation the LAD.

WHEREFORE, plaintiffs demand judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Reprisal Under the LAD

53. Plaintiffs hereby repeat and reallege paragraphs 1 through 52, as though fully set forth herein.

54. For the reasons set forth above, the defendants are liable to plaintiffs Ingram, Stephens and Walls for reprisal in violation the LAD.

WHEREFORE, plaintiffs demand judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

55. Plaintiffs hereby repeat and reallege paragraphs 1 through 54, as though fully set forth herein.

56. Plaintiffs request the following equitable remedies and relief in this matter.

57. Plaintiffs request a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

58. Plaintiffs request that this Court order the defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific plaintiff and as to all other individuals similarly situated.

59. Plaintiffs request that the Court equitably order the defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

60. Plaintiffs request that the Court order the defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

61. Plaintiffs request that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, plaintiffs demand judgment against the defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

COSTELLO & MAINS, LLC

Dated: January 16, 2019

By: /s/ Daniel T. Silverman
Daniel T. Silverman

MER-L-000108-19   01/16/2019 11:56:57 AM   Pg 9 of 10   Trans ID: LCV201999210

### DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

COSTELLO & MAINS, LLC

By: /s/ Daniel T. Silverman
    Daniel T. Silverman

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

COSTELLO & MAINS, LLC

By: /s/ Daniel T. Silverman
    Daniel T. Silverman

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

COSTELLO & MAINS, LLC

By: /s/ Daniel T. Silverman
     Daniel T. Silverman

## DESIGNATION OF TRIAL COUNSEL

Daniel T. Silverman, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

COSTELLO & MAINS, LLC

By: /s/ Daniel T. Silverman
     Daniel T. Silverman