Joseph D. Guarino
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway - Suite 120
Short Hills, New Jersey 07078
T:  (973) 520-2569
F:  (973) 520-2551
E-mail:  joseph.guarino@dlapiper.com
*Attorneys for Defendant Trane Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CRUZ; CIERRA INGRAM; MICHAEL LAMBARDO; DELFON STEPHENS and BOBBIE WALLS, | Civil Action No. 3:19-cv-7324 |
| Plaintiff, | Honorable Freda L. Wolfson, U.S.D.J. |
| v. | Honorable Douglas E. Arpert, U.S.M.J. |
| TRANE INC; TRANE RESIDENTIAL SYSTEMS and JOHN DOES 1-5 AND 6-10, | **ANSWER TO COMPLAINT** |
| Defendants. | **Document Electronically Filed** |

Defendant Trane Inc. ("Defendant"), by and through its undersigned counsel, DLA Piper

LLP (US), hereby responds to the Complaint filed by Plaintiffs Jose Cruz, Cierra Ingram,

Michael Lambardo, Delfon Stephens and Bobbie Walls ("Plaintiffs") as follows:

### ANSWER AS TO "PRELIMINARY STATEMENT"

Defendant states that the Preliminary Statement of the Complaint sets forth the statute

under which the Complaint is brought, to which no response is required.  To the extent a

response is warranted, Defendant denies the allegations of the Preliminary Statement.

## ANSWER AS TO "IDENTIFICATION OF PARTIES"

1.      Upon information and belief, Plaintiff Jose Cruz is a resident of the State of New Jersey.  Defendant admits that Plaintiff Jose Cruz was employed by Trane Inc. for a period of time. Except as so stated and admitted, Defendant denies the allegations of Paragraph 1 of the Complaint.

2.      Upon information and belief, Plaintiff Cierra Ingram is a resident of the State of New Jersey. Defendant admits that Plaintiff Cierra Ingram is employed by Trane Inc. Except as so stated and admitted, Defendant denies the allegations of Paragraph 2 of the Complaint.

3.      Upon information and belief, Plaintiff Michael Lambardo is a resident of the State of New Jersey.  Defendant admits that Plaintiff Michael Lambardo is employed by Trane Inc. Except as so stated and admitted, Defendant denies the allegations of Paragraph 3 of the Complaint.

4.      Upon information and belief, Plaintiff Delfon Stephens is a resident of the State of New Jersey.  Defendant admits that Plaintiff Delfon Stephens is employed by Trane Inc. Except as so stated and admitted, Defendant denies the allegations of Paragraph 4 of the Complaint.

5.      Upon information and belief, Plaintiff Bobbie Walls is a resident of the State of New Jersey.  Defendant admits that Plaintiff Bobbie Walls is employed by Trane Inc. Except as so stated and admitted, Defendant denies the allegations of Paragraph 5 of the Complaint.

6.      Defendant admits that it has conducted business in the State of New Jersey. Defendant admits that Plaintiffs were each employed by Trane Inc. for a certain period of time. Except as so admitted, Defendant denies the allegations of Paragraph 6.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant denies the allegations of Paragraph 8 of the Complaint.

2

## ANSWER AS TO "GENERAL ALLEGATIONS"

9.      Defendant admits that it has employed each of the Plaintiffs for a period of time. Except as so admitted, Defendant denies the allegations of Paragraph 9.

10.     Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, accordingly, denies same and puts Plaintiffs to their proofs with respect thereto.

11.     Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, accordingly, denies same and puts Plaintiffs to their proofs with respect thereto.

12.     Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, accordingly, denies same and puts Plaintiffs to their proofs with respect thereto.

13.     Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, accordingly, denies same and puts Plaintiffs to their proofs with respect thereto.

14.     Defendant presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, accordingly, denies same and puts Plaintiffs to their proofs with respect thereto.

15.     Defendant admits that all of the Plaintiffs reported to Leo Nazco for a period of time.  Except as so admitted, Defendant denies the allegations of Paragraph 15 of the Complaint.

16.     Defendant denies the allegations of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

3

18.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him. Except as so admitted, Defendant denies the allegations of Paragraph 18 of the Complaint.

19.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Except as so admitted, Defendant denies the allegations of Paragraph 19 of the Complaint.

20.     Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Defendant admits that Leo Nazco advised that he placed the first call on speakerphone temporarily in response to a request concerning the call.  Except as so admitted, Defendant denies the allegations of Paragraph 21 of the Complaint.

22.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Except as so admitted, Defendant denies the allegations of Paragraph 22 of the Complaint.

23.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Except as so admitted, Defendant denies the allegations of Paragraph 23 of the Complaint.

24.     Defendant denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant admits that Leo Nazco advised that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Except as so admitted, Defendant denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant admits that Leo Nazco stated that, in or about April 2018, he received two phone calls to his work telephone number in which an unidentified speaker made statements and threats against him.  Except as so admitted, Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Defendant denies the allegations of Paragraph 28 of the Complaint.

29.     Defendant denies the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Defendant denies the allegations of Paragraph 31 of the Complaint.

32.     Defendant denies the allegations of Paragraph 32 of the Complaint.

33.     Defendant denies the allegations of Paragraph 33 of the Complaint.

## ANSWER AS TO "REPRISAL ALLEGATIONS"

34.     Defendant repeats and incorporates its responses to the previous paragraphs as if set forth more fully herein.

35.     Defendant denies the allegations of Paragraph 35 of the Complaint.

36.     Defendant denies the allegations of Paragraph 36 of the Complaint.

37.     Defendant admits that Laura Lipinski conducted an investigation concerning an Intake Form that Jose Cruz submitted in April 2018. Except as so admitted, Defendant denies the allegations of Paragraph 37 of the Complaint.

5

38.     Defendant admits that it did not provide Plaintiffs with a copy of certain documents that they requested.   Except as so admitted, Defendant denies the allegations of Paragraph 38 of the Complaint.

39.     Defendant denies the allegations of Paragraph 39 of the Complaint.

40.     Defendant denies the allegations of Paragraph 40 of the Complaint.

41.     Defendant admits that Plaintiff Delfon Stephens was suspended from work for a period of time in November 2018, and that he had a return to work date of on or about November 14, 2018. Except as so admitted, Defendant denies the allegations of Paragraph 41 of the Complaint.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Complaint.

45.     Defendant denies the allegations of Paragraph 45 of the Complaint.

46.     Defendant denies the allegations of Paragraph 46 of the Complaint.

47.     Defendant denies the allegations of Paragraph 47 of the Complaint.

48.     Defendant denies the allegations of Paragraph 48 of the Complaint.

49.     Defendant denies the allegations of Paragraph 49 of the Complaint.

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.

## ANSWER AS TO "COUNT ONE –
## RACIAL HARASSMENT UNDER THE LAD"

51.     Defendant repeats and incorporates its responses to the previous paragraphs as if set forth more fully herein.

52.     Defendant denies the allegations of Paragraph 52 of the Complaint.

In response to the "wherefore" clause, Defendant denies that Plaintiffs are entitled to any of the relief requested therein or to any other relief.

## ANSWER AS TO "COUNT TWO – REPRISAL UNDER THE LAD"

53.     Defendant repeats and incorporates its responses to the previous paragraphs as if set forth more fully herein.

54.     Defendant denies the allegations of Paragraph 54 of the Complaint.

In response to the "wherefore" clause, Defendant denies that Plaintiffs are entitled to any of the relief requested therein or to any other relief.

## ANSWER AS TO "COUNT THREE – REQUEST FOR EQUITABLE RELIEF"

55.     Defendant repeats and incorporates its responses to the previous paragraphs as if set forth more fully herein.

56.     Defendant states that Plaintiffs are not entitled to any of the remedies and relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 56 of the Complaint.

57.     Defendant states that Plaintiffs are not entitled to the relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 57 of the Complaint.

58.     Defendant states that Plaintiffs are not entitled to the relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 58 of the Complaint.

7

59.     Defendant states that Plaintiffs are not entitled to the relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 59 of the Complaint.

60.     Defendant states that Plaintiffs are not entitled to the relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 60 of the Complaint.

61.     Defendant states that Plaintiffs are not entitled to the relief requested in the Complaint.  To the extent a further response is required, Defendant denies the allegations of Paragraph 61 of the Complaint.

In response to the "wherefore" clause, Defendant denies that Plaintiffs are entitled to any of the relief requested therein or to any other relief.

## SEPARATE DEFENSES

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims, or certain of them, are barred by the applicable Statute(s) of Limitations.

### THIRD SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the Doctrines of Waiver, Estoppel and Laches.

### FOURTH SEPARATE DEFENSE

Plaintiffs are barred from relief due to their failure to mitigate damages, if any.

## FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the failure to invoke or exhaust available complaint, investigation, dispute resolution, arbitration, appeal, protest or administrative procedures, avenues, remedies and/or prerequisites to suit.

## SIXTH SEPARATE DEFENSE

Plaintiffs' claims for equitable relief are barred by the Doctrine of Unclean Hands.

## SEVENTH SEPARATE DEFENSE

Plaintiffs have not been injured within the meaning of the applicable law.

## EIGHTH SEPARATE DEFENSE

Any losses suffered by Plaintiffs were not as a consequence of, or in reliance upon, any acts or omissions of Defendant.

## NINTH SEPARATE DEFENSE

Any injury caused to Plaintiffs were due in whole or in part to Plaintiffs' own actions, inaction, and/or the negligence or acts of third parties.

## TENTH SEPARATE DEFENSE

Any alleged misdeeds of Defendant were not willful.

## ELEVENTH SEPARATE DEFENSE

Plaintiffs' claims are frivolous and brought in bad faith entitling Defendant to attorneys' fees and costs.

## TWELFTH SEPARATE DEFENSE

Any damages allegedly suffered by Plaintiffs were the result of their own actions.

## THIRTEENTH SEPARATE DEFENSE

Defendant breached no duty owed to Plaintiffs under federal or state law.

EAST\165488680.1

## FOURTEENTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the Statute of Frauds.

## FIFTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the entire controversy doctrine and the doctrines of res judicata, collateral estoppel, claim preclusion and issue preclusion.

## SIXTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the exclusive remedy provisions of the New Jersey Workers' Compensation Law.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiffs are not entitled to compensatory, emotional distress or punitive damages.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of after-acquired evidence.

## NINETEENTH SEPARATE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any unlawful behavior.

## TWENTIETH SEPARATE DEFENSE

Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid the harm otherwise.

## TWENTY-FIRST SEPARATE DEFENSE

Plaintiffs were at-will employees, and, as such, their employment could be terminated at any time, with or without cause.

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiffs were guilty of contributory negligence, which negligence was greater in degree than that of Defendant.  Recovery is therefore barred, in whole or in part, by the relevant statutory provisions.

### TWENTY-THIRD SEPARATE DEFENSE

All interactions between Plaintiffs and Defendant were work-related and professional.

### TWENTY-FOURTH SEPARATE DEFENSE

The Court lacks personal jurisdiction over one or more of the defendants.

### TWENTY-FIFTH SEPARATE DEFENSE

Any and all actions were taken for legitimate, non-discriminatory business reasons.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs failed to engage in protected activity and therefore, their claims should be dismissed.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs did not suffer an adverse employment action and therefore, their claims should be dismissed.

### TWENTY-EIGHTH SEPARATE DEFENSE

Some or all of Plaintiffs' claims are subject to arbitration.

### TWENTY-NINTH SEPARATE DEFENSE

Defendant hereby expressly reserves and does not waive the right to assert any and all defenses at such time and to such extent as discovery and factual developments establish a basis therefore.

EAST\165488680.1

WHEREFORE, Defendant denies that Plaintiffs are entitled to the relief sought in the Complaint and hereby demands judgment dismissing Plaintiffs' Complaint with prejudice in its entirety, together with attorneys' fees and costs of suit and such other and further relief as the Court deems equitable and just.

Respectfully submitted,

s/Joseph D. Guarino
Joseph D. Guarino
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078
Phone:  (973) 520-2569
Fax:  (973) 520-2577
joseph.guarino@dlapiper.com
*Attorneys for Defendant Trane Inc.*

Dated:  March 21, 2019

## CERTIFICATE OF SERVICE

This certifies that, on the date noted below, the undersigned has filed an Answer to the Complaint electronically on behalf of Defendant Trane Inc.  Notice of this filing will be sent by e-mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

Respectfully submitted,

s/Joseph D. Guarino
Joseph D. Guarino
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078
Phone:  (973) 520-2569
Fax:  (973) 520-2577
joseph.guarino@dlapiper.com
*Attorneys for Defendant Trane Inc.*

Dated:  March 21, 2019